UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER,<br><br>            Plaintiff,<br><br>      v.<br><br>JASON BAUER,<br><br>            Defendant. | No. 2:14-cv-2908-KJM-KJN PS<br><br><br><br>ORDER |

Plaintiff Dennis Gardner, who proceeds in this action without counsel, has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1] Plaintiff's application in support of his request to proceed *in forma pauperis* makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed *in forma pauperis*.

The determination that a plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

In this case, plaintiff alleges that, on August 11, 2014, he was arrested by defendant Jason Bauer, a City of Vallejo police officer, for being "in violation of probation of a court protective order when in fact probation was terminated…." (ECF No. 1 at 3.) Consequently, plaintiff purportedly spent 29 days in detention until the District Attorney moved to dismiss the violation in the interest of justice. (Id.) The complaint merely states that plaintiff seeks damages under California state and federal law. (Id.) However, liberally construed, plaintiff appears to assert a 42 U.S.C. § 1983 claim for unlawful detention in violation of the Fourth Amendment, as well as other potential state law tort claims.

Based on the limited record before the court, the court cannot conclude that plaintiff's action is frivolous, that the complaint fails to state claims on which relief can be granted, or that plaintiff seeks monetary relief from an immune defendant.[2] The court reserves decision as to plaintiff's claims until the record is sufficiently developed, and this order does not preclude defendant from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or other appropriate method of challenging plaintiff's pleading. Accordingly, the court orders service of the complaint on defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is granted.

2. Service of the complaint is appropriate for defendant and City of Vallejo police officer Jason Bauer.

3. The Clerk of Court is directed to issue forthwith all process pursuant to Federal Rule of Civil Procedure 4.

4. The Clerk of Court shall send plaintiff one USM-285 form, one summons, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

---

[2] Plaintiff attached to his complaint a police report, which indicates that defendant apparently confirmed the validity of the protective order with dispatch at the time of the incident. While defendant, among other defenses, may potentially raise a defense of qualified immunity in an appropriate motion, the court at this juncture declines to evaluate, and does not pre-judge, the issue of potential qualified immunity based on the limited record before it.

5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for each defendant to be served;

    c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

    d. A copy of this court's scheduling order and related documents for each defendant to be served.

6. Plaintiff shall supply the U.S. Marshal, within 30 days from the date this order is filed, with all information needed by the U.S. Marshal to effectuate service of process, and shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the U.S. Marshal.

7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. If the U.S. Marshal is unable, for any reason, to effectuate service of process on any defendant, the U.S. Marshal shall promptly report that fact, and the reasons for it, to the court.

8. If a defendant waives service, the defendant is required to return the signed waiver to the U.S. Marshal. The filing of an answer or a responsive motion does not relieve a defendant of this requirement, and the failure to return the signed waiver may subject a defendant to an order to pay the costs of service by the U.S. Marshal.

9. The Clerk of Court shall serve a copy of this order on the U.S. Marshal.

10. Plaintiff's failure to comply with this order may result in any appropriate sanctions, including monetary sanctions and/or a recommendation that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: December 18, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE