UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GARDNER, | No. 2:14-cv-2908-KJM-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| | ORDER TO SHOW CAUSE |
| JASON BAUER | |
| Defendant. | |

Plaintiff Dennis Gardner, proceeding without counsel, commenced this action on December 15, 2014. (ECF No. 1.) Thereafter, on December 19, 2014, the court granted plaintiff's request to proceed *in forma pauperis*, screened plaintiff's complaint pursuant to 28 U.S.C. § 1915, and directed that the complaint be served by the U.S. Marshal on defendant and City of Vallejo police officer Jason Bauer. (ECF No. 3.) The court further ordered plaintiff, within 30 days from the date that the order was filed, to provide the U.S. Marshal with all necessary documents and information to effectuate service of process. (Id.)

That same day, the court also issued an "Order Setting Status Conference." (ECF No. 5.) The order directed plaintiff to "complete service of process on defendants named in the complaint within 120 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 120 days from the date that the

1

complaint is filed.  See Fed. R. Civ. P. 4(m)." (Id. at 1.)  That same order set a status (pre-trial scheduling) conference for May 7, 2015, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (Id. at 2.)  The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.)  The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action.  This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

Subsequently, on January 13, 2015, and January 22, 2015, plaintiff filed notices of submission of documents, potentially suggesting that plaintiff had submitted a completed summons form and a completed USM-285 form to the U.S. Marshal. (ECF Nos. 8, 9.)  However, the notices made no mention of the complaint or other service documents.  In any event, defendant has yet to appear in the case, and there has been no docket activity since January 2015.  Such inactivity strongly suggests that defendant was never served with process, even though the 120-day period for service of process has now expired.  Indeed, upon an inquiry by the court to the U.S. Marshal on May 4, 2015, the U.S. Marshal indicated that no service documents had been received from plaintiff related to this case.

Finally, plaintiff failed to file a status report prior to the status conference and failed to appear at the May 7, 2015 status conference in accordance with the court's order.  Given plaintiff's failures, the court has considered whether the case should be dismissed at this juncture.  Nevertheless, in light of plaintiff's *pro se* status and the court's desire to resolve the action on the merits, the court first attempts lesser sanctions in the form of an order to show cause and monetary sanctions.  Because the court is cognizant that plaintiff is proceeding *in forma pauperis*, the amount of monetary sanctions imposed is necessarily minimal.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 21 days of this order, plaintiff shall pay the Clerk of Court monetary sanctions in the amount of $150.00 based on his failure to comply with court orders and failure to prosecute the case.

2. Within 21 days of this order, plaintiff shall show cause in writing why this action

should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply with court orders and failure to prosecute the case.

3. Failure to pay the monetary sanctions and respond to the order to show cause by the required deadline may result in dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. Alternatively, if plaintiff is unable or no longer wishes to pursue the action at this time, he may instead file a notice of voluntary dismissal of the action without prejudice within 21 days of this order, in lieu of responding to the order to show cause and paying the monetary sanctions outlined above.

IT IS SO ORDERED.

Dated:  May 7, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3