1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DENNIS GARDNER,                              No.  2:14-cv-2908-KJM-KJN PS

12                  Plaintiff,

13          v.                                    ORDER

14   JASON BAUER

15                  Defendant.

16

17

18          Plaintiff Dennis Gardner, proceeding without counsel, commenced this action on

19   December 15, 2014.  (ECF No. 1.)[1]  Thereafter, on December 19, 2014, the court granted

20   plaintiff's request to proceed *in forma pauperis*, screened plaintiff's complaint pursuant to 28

21   U.S.C. § 1915, and directed that the complaint be served by the U.S. Marshal on defendant and

22   City of Vallejo police officer Jason Bauer.  (ECF No. 3.)  The court further ordered plaintiff,

23   within 30 days from the date that the order was filed, to provide the U.S. Marshal with all

24   necessary documents and information to effectuate service of process.  (Id.)

25   /////

26

27   [1] Plaintiff, as the only party having appeared in the case, consented to the jurisdiction of a United
     States Magistrate Judge for all purposes, including the entry of final judgment, pursuant to 28
28   U.S.C. § 636(c).  (ECF Nos. 7, 10.)

                                                   1

1      That same day, the court also issued an "Order Setting Status Conference."  (ECF No. 5.)

2   The order directed plaintiff to "complete service of process on defendants named in the complaint

3   within 120 days from the date of this order.  Plaintiff is cautioned that this action may be

4   dismissed if service of process is not accomplished within 120 days from the date that the

5   complaint is filed.  See Fed. R. Civ. P. 4(m)."  (Id. at 1.)  That same order set a status (pre-trial

6   scheduling) conference for May 7, 2015 at 10:00 a.m., and stated that "[a]ll parties shall appear

7   by counsel or in person if acting without counsel."  (Id. at 2.)  The order also directed the parties

8   to file a status report addressing specific topics no later than seven (7) days prior to the status

9   conference.  (Id. at 2-3.)  The order specifically cautioned that "[f]ailing to obey federal or local

10  rules, or [an] order of this court, may result in dismissal of this action.  This court will construe

11  pro se pleadings liberally, but pro se litigants must comply with the procedural rules."  (Id. at 3.)

12      Subsequently, on January 13, 2015, and January 22, 2015, plaintiff filed notices of

13  submission of documents, potentially suggesting that plaintiff had submitted a completed

14  summons form and a completed USM-285 form to the U.S. Marshal.  (ECF Nos. 8, 9.)  However,

15  the notices made no mention of the complaint or other service documents.  In any event,

16  defendant has yet to appear in the case, and there has been no docket activity by plaintiff since

17  January 2015.  Such inactivity strongly suggests that defendant was never served with process,

18  even though the 120-day period for service of process has now expired.  Indeed, upon an inquiry

19  by the court to the U.S. Marshal on May 4, 2015, the U.S. Marshal indicated that no service

20  documents had been received from plaintiff related to this case.

21      Plaintiff also failed to file a status report prior to the May 7, 2015 status conference and

22  failed to appear at that status conference in accordance with the court's order.  (ECF No. 11.)

23      Consequently, on May 8, 2015, the court issued an order and order to show cause.  (ECF

24  No. 12.)  In that order, the court noted that, given plaintiff's failures, it had considered whether

25  the action should be dismissed.  (Id.)  Nevertheless, in light of plaintiff's pro se status and the

26  court's desire to resolve the action on the merits, the court found it appropriate to first attempt

27  lesser sanctions in the form of an order to show cause and monetary sanctions.  (Id.)  More

28  specifically, the court ordered plaintiff, based on plaintiff's failure to comply with court orders

2

1   and failure to prosecute the case, to:  (1) pay the Clerk of Court $150.00 in monetary sanctions;

2   and (2) show cause in writing why this action should not be dismissed pursuant to Federal Rule of

3   Civil Procedure 41(b), within 21 days from the date of the order and order to show cause.  (Id.)[2]

4   Plaintiff was cautioned that failure to pay the monetary sanctions and respond to the order to

5   show cause by the required deadline may result in dismissal of the action with prejudice pursuant

6   to Federal Rule of Civil Procedure 41(b).  (Id.)

7          Although the applicable deadline has now passed, plaintiff failed to pay the monetary

8   sanctions and failed to respond to the order to show cause; nor has plaintiff even requested an

9   extension of time to do so.  Therefore, the court finds that the action should be dismissed at this

10  juncture.

11         Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

12  with these Rules or with any order of the Court may be grounds for imposition by the Court of

13  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

14  Moreover, Eastern District Local Rule 183(a) provides, in part:

15               Any individual representing himself or herself without an attorney
                 is bound by the Federal Rules of Civil or Criminal Procedure, these
16               Rules, and all other applicable law.  All obligations placed on
                 "counsel" by these Rules apply to individuals appearing in propria
17               persona.  Failure to comply therewith may be ground for dismissal,
                 judgment by default, or any other sanction appropriate under these
18               Rules.

19  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

20  same rules of procedure that govern other litigants") (overruled on other grounds).  A district

21  court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

22  Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or

23  fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local

24  rules.  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act

25  sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

26  Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action

27

28  [2] Because the court is cognizant that plaintiff is proceeding *in forma pauperis*, the amount of
    monetary sanctions imposed was necessarily minimal.

                                                      3

1   pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute

2   or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

3   53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground

4   for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

5   Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

6   any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir.

7   1986) (per curiam) (stating that district courts have inherent power to control their dockets and

8   may impose sanctions including dismissal or default).

9          A court must weigh five factors in determining whether to dismiss a case for failure to

10   prosecute, failure to comply with a court order, or failure to comply with a district court's local

11   rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

12             (1) the public's interest in expeditious resolution of litigation; (2)
              the court's need to manage its docket; (3) the risk of prejudice to
13             the defendants; (4) the public policy favoring disposition of cases
              on their merits; and (5) the availability of less drastic alternatives.
14

15   Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46

16   F.3d at 53.  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

17   conditions precedent before the judge can do anything, but a way for a district judge to think

18   about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

19   (9th Cir. 2006).

20          Although involuntary dismissal can be a harsh remedy, on balance the five relevant

21   factors weigh in favor of dismissal here.  The first two Ferdik factors strongly support dismissal,

22   given that plaintiff's failure to comply with the court's orders and failure to prosecute his case

23   have unreasonably delayed the progress of this litigation.  The third Ferdik factor also favors

24   dismissal.  Although the defendant has not yet appeared in the case, he has been named in a civil

25   action, and plaintiff's failure to take the steps necessary to serve the defendant has also deprived

26   defendant of notice of this litigation and hampered defendant's ability to move this case forward

27   towards resolution.

28   /////

4

1   Additionally, the fifth <u>Ferdik</u> factor, which considers the availability of less drastic

2   measures, also supports dismissal.  As noted above, the court has already attempted less drastic

3   sanctions – monetary sanctions and the issuance of an order to show cause.  However, plaintiff

4   ultimately failed to pay the sanctions and failed to respond to the order to show cause, despite the

5   court's clear warning that such failure may result in dismissal.  Furthermore, the court finds no

6   suitable alternative to dismissal at this juncture.  Given plaintiff's complete failure to respond to

7   the court's prior orders and instructions, the imposition of further monetary sanctions would be

8   futile, and the court is unable to frame any meaningful issue or evidentiary sanctions based on the

9   limited record before it.

10   Finally, the court finds that the fourth <u>Ferdik</u> factor, which addresses the public policy

11   favoring disposition of cases on the merits, does not materially counsel against dismissal.  If

12   anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with

13   the court's orders and prosecute his case.  In any event, the court finds that the fourth <u>Ferdik</u>

14   factor is outweighed by the other <u>Ferdik</u> factors.

15   Consequently, dismissal is appropriate.

16   <u>CONCLUSION</u>

17   For the reasons outlined above, IT IS HEREBY ORDERED that:

18   1.  The action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

19   2.  The Clerk of Court shall vacate all dates and close this case.

20   IT IS SO ORDERED.

21   Dated:  June 4, 2015

22

23   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

5